[Civil No. 241.   Filed October 2, 1888.]

[S. C. 19 Pac. 225.]

RICHARD STARR, Plaintiff and Appellee, v. T. L. STILES, Assignee, Defendant and Appellant.

1. BANKS AND BANKING—SUCCESSORS IN BUSINESS—ESTOPPEL—DEPOSITORS.—Where one banking firm has succeeded another, paying and collecting the accounts of its predecessor, assuming its obligations, taking and continuing to use its books until the necessities of the business required a new set, it is estopped to deny its indebtedness to a depositor with the old firm who acquiesced in the change of firms, permitted his funds to remain with the new firm, and was treated by the successor as its depositor.

2. JOINT DEBTORS—RELEASE—REV. ST. ARIZ. 1887, SEC. 133, CITED.— A release of the former firm by the depositor does not operate as a release of the latter upon the principle that the release of one joint debtor is a release of all. Statute, *supra,* repeals this doctrine and enacts that the release of one joint debtor does not re. lease the other. The contracts of each firm were separate obligations.

3. LIMITATIONS OF ACTIONS—DEPOSITS IN BANK—STATUTE RUNS FROM DEMAND.—When a bank holds the funds of a depositor subject to call at any time, the contract is to pay on demand, and the statute of limitations does not begin to run until demand.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Wm. H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

John Haynes, J. A. Anderson, and Stiles & Hereford, for Appellant.

Edwards had two contracts: one with Safford, Hudson and Co., composed of Safford, Hudson, Toole and Wasson, to pay him, on demand, $1132.50; and a second one, with S., H. & Co., composed of Safford, Hudson, Toole and Vosburg, to pay him $3250. Each firm was his simple contract debtor

to the amount of his deposit with it. Matter of the Franklin Bank, 1 Paige's Ch. 249, 19 Am. Dec. 413, and notes, 418.

To make the second firm liable to Edwards for the $1132.50 it must have assumed the payment of the debt, and he must have assented to the assumption, and have discharged the first firm. Parsons on Contracts, Vol. 1, p. 217, title, Novation; Addison on Contracts, Vol. 1, sec. 372; Parsons on Partnership, sec. 328-9; *Nat. Bank* v. *Grand Lodge*, 98 U. S. 123; *Ayers* v. *Gallup*, 44 Mich. 13, 5 N. W. 1072; *Austin* v. *Seligman*, 18 Fed 519, Notes by Wharton.

Likewise at each successive change of firms the same thing must have occurred. Mere passive inaction on his part, in either instance, was not sufficient to terminate the old contract and inaugurate a new one with the new firm. See citations from Parsons and Addison, *supra.*

The allegations of the defendant's second defense, contained in the answer was new matter, which remained undenied, and should have been held to be a bar to the action, upon the well known principle that the discharge of one joint debtor discharges all of them. Parsons on Cont. Vol. 1, p. 26; Addison on Cont. Vol. 1, sec. 365.

Jeffords & Franklin, for Appellee.

BARNES, J.—This is an action in which the appellee brought suit against appellant, as assignee of the insolvent firm of Hudson & Co., bankers, to have his claim for $4,382.50 allowed against the estate of Hudson & Co., and also to recover from the assignee 30 per cent., in dividends; appellee alleging that appellant, as assignee of said estate, had declared three dividends, aggregating 30 per cent., on the indebtedness of Hudson & Co., and that said assignee has paid no dividend or sum whatsoever to appellee on his claim. Appellant admitted that D. J. Edwards had deposited with Safford, Hudson & Co., a firm composed of A. P. K. Safford, Charles Hudson, James H. Toole, and John Wasson, between August 14, 1879, and January 1, 1880, $1132.50, and with the firm of Safford, Hudson & Co., composed of said Safford, Hudson,

Toole and J. S. Vosburg, between January 1, 1880, and
March 26, 1880, the further sum of $3250, and that no more
than $310 and $230 had been drawn from said firm of Safford,
Hudson & Co. The evidence shows that the various banking
firms of Safford, Hudson & Co. succeeded each other, and that
the firm of Hudson & Co. succeeded the last firm of Safford,
Hudson & Co.;that each firm paid and collected the accounts
of its predecessor as though no change had been made, and the
check-books issued by Hudson & Co. stated that they were
the successors to Safford, Hudson & Co. It appears, also,
that each firm assumed the obligations of their predecessors.
The ledgers of Safford, Hudson & Co., show the original ac-
count with Edwards, and its transfer through successive
ledgers to the last one used by Hudson & Co., at the time of
their failure; and it was agreed that as each of the successive
firms was organized, it took and continued to use the books
of the former firm until the necessities of the business re-
quired a new set, when all accounts not theretofore closed
were transferred to a new book. Appellant testified that the
account of Edwards was not paid, and on the books of Hud-
son & Co. it was charged against said firm as one of its debts.
Appellant admitted that if Edwards were present, he would
testify that "he had made the deposits, and knew of the
various changes in said banking firms at the time the same
were made, and, knowing that each of said firms had re-
ceived all the property, assets, and deposits of its immediate
predecessor, assumed all the liabilities thereof, and, believing
each firm as it succeeded the other to be responsible and
liable to him, and intending to continue each of the said suc-
cessive firms as his bankers, he continued to leave his deposits
and money with the new firms, respectively, after they had
succeeded the old firms, as set forth in the complaint. The
court adjudged that the plaintiff had a valid claim against
the estate of Hudson & Co. for $3,072.50, and rendered judg-
ment in his favor against defendant for $921.75, out of the
estate.

It is urged against the validity of this claim that the money
of Edwards was not deposited with the firm of Hudson & Co.,

and hence that there is no privity of contract between Edwards and the firm; that he had deposited money with Safford, Hudson & Co., and that that company owed him; and while, as between the two firms, Safford, Hudson & Co. might require Hudson & Co. to reimburse them, should they be required to pay the same, by the terms of this contract, but that, Edwards being no party to that contract, he could not enforce it against the latter firm. This would be true unless he, by some act of his, waived his right to sue Safford, Hudson & Co., and made Hudson & Co. his debtor. The depositor Edwards, when he had knowledge of the change of firms, had the right to withdraw his funds from the bank, and to treat solely with the firm that received his deposit. But if he, after full knowledge of all the facts, acquiesced in the change of firms, permitted his funds to remain with the new firm, and they treated him as their depositor, and carried his balance into their books, they cannot be heard to say that they do not owe him. They are estopped by their acts. The evidence shows that the books of Hudson & Co. show that Edwards was a creditor to the amount he claims at the time of the assignment of Hudson & Co. to Stiles; and as the assignment was for the benefit of creditors, it was for the benefit of this creditor; and as it appears that dividends to 30 per cent. have been paid other creditors, this creditor was entitled to a like amount out of the estate. This was the judgment of the court below. It is also contended that as Edwards had received $1,000 from Wasson and Safford, and had released them, that thereby Hudson & Co. were released, and the familiar principle is invoked that the release of one joint debtor is a release of all. The revised statutes of Arizona, § 133, repeals this well-known doctrine of the common law, and enacts that the release of one joint debtor does not release the others. These were not, however, joint obligations of these firms. The contract of each, whatever it was, whether expressed or implied, was a several obligation. It is not necessary to decide whether Edwards is estopped to assert that Safford, Hudson & Co. are his debtors, by permitting his funds to remain with Hudson & Co. after knowledge of the transfer.

This only need be decided: that Hudson & Co. became his debtor by their acts, and, while Edwards might have repudiated it, they could not. Again, it is urged that the deposit checks or tickets in evidence (and they were evidences to the depositor of his deposit) were due when given, and the statute of limitation begins to run against them at that time; that a deposit in a bank creates a mere debt or chose in action. This is true for many purposes; but when a bank holds the funds of a depositor subject to call at any time, the contract is to pay on demand, and the statute does not begin to run until demand. We see no error in the record, and the judgment is affirmed.

'Porter and Wright, JJ., concur.